LEE LITIGATION GROUP, PLLC
C.K. Lee (CL 4086)
30 East 39th Street, Second Floor
New York, NY 10016
Tel.: 212-465-1188
Fax: 212-465-1181
*Attorneys for Plaintiff, FLSA Collective Plaintiffs
and the Class*

FILED
CLERK
2012 JUN -8 PM 4:08
U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV12 2902**

---

TAE JIN CHOI,
*on behalf of himself, FLSA Collective Plaintiffs
and the Class,*

    Plaintiff,

    v.

SANSOOGAPSAN II, INC.,
YUN HWA NO, KEUN KU NO,
JUNG HWAN NO and NA YEON KIM,

    Defendants.

Case No.:

GARAUFIS, J.

**CLASS AND COLLECTIVE
ACTION COMPLAINT**

**Jury Trial Demanded**

GOLD, M.J.

---

Plaintiff, TAE JIN CHOI, (hereinafter, "Plaintiff"), on behalf of himself and others similarly situated, by and through his undersigned attorney, hereby files this Complaint against Defendants, SANSOOGAPSAN II, INC. (the "Corporate Defendant") and YUN HWA NO, KEUN KU NO, JUNG HWAN NO and NA YEON KIM (each an "Individual Defendant" or, collectively with the Corporate Defendant, the "Defendants"), and states as follows:

1

## INTRODUCTION

1.   Plaintiff alleges, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§201 *et. seq.* ("FLSA"), that he is entitled to recover from Defendants: (1) unpaid overtime, (2) liquidated damages and (3) attorneys' fees and costs.

2.   Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (1) unpaid overtime, (2) statutory penalties (3) unpaid spread of hours premium, (4) liquidated damages and (5) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.   This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

4.   Venue is proper in the Eastern District pursuant to 28 U.S.C. §1391.

## PARTIES

5.   Plaintiff, TAE JIN CHOI, is a resident of Queens County, New York.

6.   Upon information and belief, Defendant, SANSOOGAPSAN II, INC. is a domestic business corporation organized under the laws of New York, with a principal executive office located at 171-10 NORTEHRN BLVD., FLUSHING, NEW YORK, 11358.  Defendants own and operate two restaurants operating under the trade name "San Soo Kap San" located at (i) 171-10 NORTEHRN BLVD., FLUSHING, NEW YORK, 11358 and (ii) 38-13 UNION ST., FLUSHING, NEW YORK 11354.

7.   Upon information and belief, Defendant, YUN HWA NO, is the Chairman or Chief Executive Officer of Defendant, SANSOOGAPSAN II, INC. Each Individual Defendant exercised control over the terms and conditions of Plaintiff's employment and those of FLSA

Collective Plaintiffs and Class members. With respect to Plaintiff, FLSA Collective Plaintiffs and Class members, each Individual Defendant had the power to (i) fire and hire, (ii) determine rate and method of pay and (iii) otherwise affect the quality of employment. Plaintiff was hired, and his employment was terminated, directly by YUN HWA NO.

8. Defendants operated the two San Soo Kap San restaurants as a common enterprise. Each of the restaurants shared common ownership, were marketed jointly, shared common logos and names, and employees were freely interchangeable between the two restaurants.

9. At all relevant times, the work performed by Plaintiff, FLSA Collective Plaintiffs and Class members was directly essential to the business operated by Defendants. At all relevant times, the Corporate Defendant was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned overtime wages in direct contravention of the FLSA and the New York Labor Law.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members their lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

12. Plaintiff has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## FLSA COLLECTIVE ACTION ALLEGATIONS

13. Plaintiff brings claims for relief as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt persons employed by Defendants in New

3

York State on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them the proper overtime premium at the rate of one and one half times the regular rate for work in excess of forty (40) hours per workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.  Specifically, Plaintiff and FLSA Collective Plaintiffs claim that Defendants willfully violated Plaintiff's and FLSA Collective Plaintiffs' rights by failing to pay their overtime premium in the lawful amount for hours worked.

15. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to §16(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purposes of notice and other purposes related to this action, their names and addresses are readily available form the Defendants. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to Defendants.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

16. Plaintiff brings claims for relief pursuant to the Federal Rules of Civil Procedure ("F.R.C.P.") Rule 23, on behalf of all non-exempt persons employed by Defendants on or after the date that is six years before the filing of the Complaint in this case as defined herein (the "Class Period").

4

17. All said persons, including Plaintiff, are referred to herein as the "Class." The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the position held, and rates of pay for each Class member are also determinable from Defendants' records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under F.R.C.P. 23.

18. The proposed Class is numerous that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, the facts on which the calculation of that number are presently within the sole control of Defendants, there is no doubt that there are more than forty (40) members of the Class.

19. Plaintiff's claims are typical of those claims, which could be alleged by any member of the Class, and the relief sought is typical of the relief, which would be sought by each member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of (i) failing to pay overtime compensation and "spread of hours" premium, (ii) providing wage statements to Class members that are not incompliance with the requirements of the New York Labor Law and (iii) failing to provide proper wage and hour notice to Class members, at date of hiring and annually, per requirements of the New York Labor Law.   Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefited from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

20. Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented Plaintiff in wage and hour cases.

21. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of the wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because of losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. On the other hand, important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In

addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

22. Defendants and other employers throughout the state violate the New York Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing these risks.

23. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

a)  Whether Defendants employed Plaintiff and the Class within the meaning of the New York law;

b)  What are and were the policies, practices, programs, procedures, protocols and plans of Defendants regarding the types of work and labor for which Defendants did not pay the Class members properly;

c)  At what common rate, or rates subject to common methods of calculation, was and are Defendants required to pay the Class members for their work;

d)  Whether Defendants properly notified Plaintiff and the Class members of their hourly rate and overtime rate;

e)  Whether Defendants provided proper wage statements informing all non-exempt employees information required to be provided on wage statements as required under the New York Labor Law;

f)    Whether Defendants provided proper wage and hour notice, at date of hiring
      and annually thereafter, to all non-exempt employees per requirements of the
      New York Labor Law;

g)    Whether Defendants properly compensated Plaintiff and Class members for
      overtime under state and federal law;

h)    Whether Defendants paid Plaintiff and the Class members the New York State
      "spread of hours" premium when their workdays exceeded ten hours;

i)    Whether Defendants improperly paid Plaintiff and Class members on a fixed
      salary basis, when New York State law requires that all non-exempt
      employees be paid on a hourly basis.

## STATEMENT OF FACTS

24. On or about 2001 Plaintiff, CHOI, was hired by Defendants and/or their predecessors,
as applicable, to work as a cook for Defendants' San Soo Kap San restaurant located at 171-10
Northern Blvd., Flushing, NY. Plaintiff CHOI worked at such location until March 27, 2012.

25. During the employment of Plaintiff CHOI by Defendants, he worked over forty (40)
hours per week. During Plaintiff CHOI's employment by Defendants, he regularly worked over
ten (10) hours per day.

26. Specifically, Plaintiff CHOI's regular working schedule was for 6 days per week for
12 hours per day, for 72 hours per week. Plaintiff CHOI received his compensation on a salary
basis. After February 2004, he was paid a fixed weekly salary of $1,550 per week.

27. Neither Plaintiff CHOI nor any Class members received any wage statements from
Defendants. In addition, Plaintiff CHOI and Class members also did not receive any wage and

hour notice at the beginning of their employment nor annually thereafter, as required under the New York Labor Law.

28. Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA overtime rate (of time and one-half) or the New York State overtime rate (of time and one-half) to the Plaintiff, FLSA Collective Plaintiffs and Class members. Defendants purposely paid all non-exempt employees on a salary basis to circumvent payment of hourly overtime rates.

29. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff, FLSA Collective Plaintiffs and Class members.

30. Defendants knowingly and willfully operated their business with a policy of not providing (i) a proper wage statement and (ii) wage and hour notices at the beginning of employment and annually thereafter, to Plaintiff, FLSA Collective Plaintiffs and Class members, in violation of the New York Labor Law.

31. Plaintiff retained Lee Litigation Group, PLLC to represent him, FLSA Collective Plaintiffs and Class members in this litigation and have agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM

### COUNT I

### VIOLATION OF THE FAIR LABOR STANDARDS ACT

32. Plaintiff realleges and reavers Paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. At all relevant times, upon information and belief, Defendants were and continue to be employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).  Further, Plaintiff, FLSA Collective Plaintiffs and Class members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207 (a).

34. At all relevant times, Defendants employed Plaintiff, FLSA Collective Plaintiffs and Class members within the meaning of the FLSA.

35. Upon information and belief, at all relevant times, the Corporate Defendant had gross revenues in excess of $500,000.

36. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff, FLSA Collective Plaintiffs and Class members for their hours worked in excess of forty hours per workweek.

37. Defendants failed to pay Plaintiff, FLSA Collective Plaintiffs and Class members overtime compensation in the lawful amount for hours worked in excess of the maximum hours provided for in the FLSA.

38. Records, if any, concerning the number of hours worked by Plaintiff, FLSA Collective Plaintiffs and Class members and the actual compensation paid to Plaintiff, FLSA Collective Plaintiffs and Class members are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

39. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, FLSA Collective Plaintiffs and Class

members at the statutory rate of time and one-half for his hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

40. Defendants failed to properly disclose or apprise Plaintiff, FLSA Collective Plaintiffs and Class members of their rights under the FLSA.

41. As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

42. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff, FLSA Collective Plaintiffs and Class members suffered damages in an amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

43. Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to an award of their reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

**COUNT II**

**<u>VIOLATION OF THE NEW YORK LABOR LAW</u>**

44. Plaintiff realleges and reavers Paragraphs 1 through 43 of this Complaint as if fully set forth herein.

45. At all relevant times, Plaintiff, FLSA Collective Plaintiffs and Class members were employed by the Defendants within the meaning of the New York Labor Law, §§2 and 651.

46. Defendants willfully violated rights of Plaintiff, FLSA Collective Plaintiffs and Class members by failing to pay them overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

47. Defendants willfully violated rights of Plaintiff, FLSA Collective Plaintiffs and Class members by failing to pay "spread of hours" premium to them for each day their worked ten (10) or more hours.

48. Defendants knowingly and willfully operated their business with a policy of not providing a proper wage statement to Plaintiff, FLSA Collective Plaintiffs and Class members, in violation of the New York Labor Law.

49. Defendants willfully violated rights of Plaintiff, FLSA Collective Plaintiffs and Class members by paying them on a salary basis, in violation of the New York Labor Law because they are non-exempt employees who must be paid on a hourly basis.

50. Due to the Defendants' New York Labor Law violations, Plaintiff, FLSA Collective Plaintiffs and Class members are entitled to recover from Defendants for their unpaid overtime, unpaid pay "spread of hours" premium, statutory penalties, damages for unreasonably delayed payments, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law §663(1).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, FLSA Collective Plaintiffs and Class members, respectfully requests that this Court grant the following relief:

a.  A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.  An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c.  An award of unpaid overtime compensation due under the FLSA and the New York Labor Law;

12

d.      An award of unpaid "spread of hours" premium due under the New York Labor
Law;

e.      An award of liquidated and/or punitive damages as a result of Defendants' willful
failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.      An award of liquidated and/or punitive damages as a result of Defendants' willful
failure to pay overtime compensation and "spread of hours" premium pursuant to
the New York Labor Law;

g.      An award of statutory penalties, and prejudgment and postjudgment interest;

h.      An award of costs and expenses of this action together with reasonable attorneys'
and expert fees; and

i.      Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by
jury on all issues so triable as of right by jury.

Dated: June 8, 2012                    Respectfully submitted,

                                       LEE LITIGATION GROUP, PLLC
                                       C.K. Lee (CL 4086)
                                       30 East 39th Street, Second Floor
                                       New York, NY 10016
                                       Tel.: 212-465-1188
                                       Fax: 212-465-1181
                                       *Attorneys for Plaintiff*

                            By: _____
                                       C.K. Lee